IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
Assigned on Briefs – May 1, 2001

## MARGARET TOBITT v. BRIDGESTONE/FIRESTONE, INC.

**Appeal by Permission from the Supreme Court Special Workers'
Compensation Appeals Panel
Circuit Court for Warren County
No. 9351   Charles D. Haston, Judge**

**No. M2000-00279-SC-WCM-CV - Filed August 29, 2001**

E. RILEY ANDERSON, C.J., dissenting.

I respectfully dissent.

In workers' compensation cases, appellate review is de novo upon the record, accompanied by a presumption that the findings of the trial court are correct, unless the preponderance of the evidence is otherwise. Tenn. Code Ann. § 50-6-225(e)(2) (1999 & Supp. 2000). Under this standard, we must weigh the factual findings and conclusions of law made by the trial court, and we must conduct an independent examination to determine where the preponderance of the evidence lies. Cleek v. Wal-Mart Stores Inc., 19 S.W.3d 770, 773 (Tenn. 2000).

My review of the record indicates the employee was treated at the scene and at the emergency room for injuries to her forearm and her knee after the accident. There was no evidence that she sustained any injury or trauma to her face or head and no evidence that she struck her head when she fell. The paramedic who treated the employee at the scene testified that the employee showed no evidence of head injury and that she was awake, alert, and oriented. The paramedic also testified that the employee complained of pain only in her arm and knee and not in her head, face, or jaw. Similarly, the evidence revealed that the employee was treated at the emergency room following the accident for injuries only to her arm and knee.

Moreover, there was evidence that the employee had surgery approximately six months before the accident to remove the meniscus from her jaw joints. At the time of the accident, the employee continued to have pain and was using a plastic splint to reduce the pain. Her treating physician, Dr. Urbanek, testified that an x-ray and a CT scan taken following the accident were negative for a jaw fracture. There was no other objective medical evidence to support a finding that the employee suffered an injury to her head, face, or jaw that aggravated her pre-existing injury as a result of the accident.

In light of all of the evidence, I would conclude that the Special Workers' Compensation Panel correctly determined that the evidence preponderated against the trial court's finding that the employee's injury arose out of her employment. I therefore dissent.

_____
E. RILEY ANDERSON, CHIEF JUSTICE